IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRETT SWEETING,

        Petitioner,

        v.

DAVID DIGUGLIELMO,

        Respondent.

CIVIL NO. 3:CV-08-1794

(JUDGE VANASKIE)

MEMORANDUM

Introduction

This pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 was filed by Brett Sweeting ("Petitioner"), an inmate presently confined at the State Correctional Institution, Graterford, Pennsylvania ("SCI-Graterford").[1] Named as Respondent is SCI-Graterford Warden David Diguglielmo.[2]

By Memorandum and Order dated December 18, 2008, this Court, exercising the

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242.

discretion afforded under Day v. McDonough, 547 U.S. 198, 209-11 (2006), and United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc), directed Respondent to file a response, addressing whether Sweeting's habeas petition was timely filed within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). (Dkt. Entry # 5.) After being granted an enlargement of time, Respondent submitted a response asserting that Petitioner's action should be dismissed as untimely filed. (Dkt. Entry # 11, p. 4.) Although granted an opportunity to do so, Sweeting has not filed a reply.

Procedural Background

Following a jury trial in the Lycoming County Court of Common Pleas, Sweeting was convicted of possession with intent to deliver cocaine, possession with intent to deliver marijuana, possession of marijuana, possession of cocaine, possession of a small amount of marijuana for personal use, conspiracy, and possession of drug paraphernalia. He was sentenced on November 3, 1994 to an aggregate ten (10) to twenty-seven (27) year term of incarceration.[3]

By decision dated August 1, 1995, the Pennsylvania Superior Court affirmed Petitioner's conviction following his direct appeal. See Commonwealth v. Sweeting, 668 A.2d 1198 (Pa.

---

[3] Although the trial court recognized that the term of imprisonment imposed on the conviction for possession with intent to deliver was illegal and directed that a corrected sentence for an aggregate sentence of ten (10) to nineteen (19) years be imposed, the certified record was not corrected at that juncture.

Super 1995)(Table).[4] A petition for allowance of appeal was denied by Pennsylvania's Supreme Court on December 20, 1995. See Commonwealth v. Sweeting, 668 A.2d 1130 (Pa. 1995)(Table).[5]

After completing service of an unrelated sentence, Sweeting was released from prison during October 1998 without serving his Lycoming County sentence. During an ensuing federal prosecution of Petitioner on money laundering charges, that omission was discovered and the state trial court issued an order on September 15, 1999 directing that Sweeting be taken into custody and transported to a state correctional facility to serve his sentence.

On January 26, 2006, Petitioner (while still in federal custody) filed a pro se state court petition challenging his Lycoming County conviction, which was subsequently construed as seeking relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C. S. A. § 9541, et seq. The trial court denied the PCRA petition as being untimely.

In a decision dated May 8, 2007, the Superior Court likewise denied Petitioner's request for PCRA relief as being untimely, but remanding ed the matter to the trial court with instructions for the clerk of court to correct the written order of sentence which appears in the

---

[4] A copy of the Superior Court's decision has been submitted by Respondent. (Dkt. Entry #11-2.)

[5] See also Dkt. Entry # 11-3.

record.[6]  See Commonwealth v. Sweeting, 929 A.2d 248 (Pa. Super. 2007)(Table) , (Dkt. Entry # 11-9 at 13.)  On October 3, 2007, Sweeting's petition for allowance of appeal was denied by the Pennsylvania Supreme Court.  (Dkt. Entry # 11-10.)

In his pending action, Petitioner claims that he is entitled to federal habeas corpus relief on the grounds that: (1) the PCRA court erred by dismissing his action as untimely without first conducting an evidentiary hearing; (2) the delay in execution of his state sentence constitutes a due process violation; and (3) police officers were permitted to give hearsay testimony regarding evidence given by confidential informants. Petitioner indicates that his hearsay claim was pursued in his direct appeal while his remaining two arguments were presented via a collateral state court petition.  A supporting memorandum filed by Sweeting appears to be additionally asserting a claim that trial counsel was ineffective for failure to advise Petitioner that his direct appeal had been denied and that an illegal sentence had been imposed.  (See Dkt. Entry # 2, p. 13.)

Discussion

Timeliness

Sweeting's pending § 2254 petition is dated September 23, 2008, and will be deemed filed as of that date.  See  Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed

---

[6] Based upon the corrective action taken by the Superior Court, it would appear that any claim by Sweeting relating to the imposition of an improper sentence has been mooted.

filed at the time it is given to prison officials for mailing to the Court). The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), amended the federal habeas statute by imposing a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, Section 2244(d) of Title 28 of the United States Code provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> 
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
> 
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

Statutory Tolling

Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expired. The running of the limitations period, however, is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court.

As noted earlier, the Pennsylvania Supreme Court denied Sweeting's request for allowance of appeal on December 20, 1995, and he did not file a petition for a writ of certiorari

with the United States Supreme Court. Accordingly, Petitioner's Dauphin County conviction became final for purposes of § 2244(d) on March 20, 1996, when the period for seeking review from the United States Supreme Court expired. See Karpral v. United States, 166 F.3d 565, 570 (3d Cir. 1999). A one (1) year grace period existed for applicants whose convictions became final before the April 24, 1996 effective date of the AEDPA, making Petitioner's filing deadline to be April 24, 1997. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). The time for filing a federal habeas corpus petition expired years before he commenced the present action. Moreover, Petitioner's pro se PCRA petition challenging his Lycoming County conviction does not extend the time for seeking federal habeas corpus relief because the section 2244 deadline expired long before he sought relief in the state court system. Furthermore, the time during which his state court collateral proceedings were pending did not extend his federal habeas corpus limitations period because a PCRA action rejected by the state courts as being untimely is not a basis for statutory tolling. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir.), cert. denied, 534 U.S. 944 (2001)(an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003)(federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed"). Since Sweeting did not seek federal habeas corpus relief until September 23, 2008, his action is clearly untimely under an application of § 2244(d) and its statutory tolling provisions.

Equitable Tolling

The "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that same extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005). In Jones, the court held that a finding of equitable tolling is proper only in "extraordinary" and "rare" circumstances. Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

"[M]iscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). In Johnson v. Hendricks, 314 F. 3d 159 (3d Cir. 2002), the court reiterated that attorney error was not a sufficient basis for equitable tolling. Likewise, it has been established that the principles of equitable tolling do not extend to claims of excusable neglect. Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990). Hence, any argument by Petitioner that he is entitled to equitable tolling because his trial counsel failed to advise him of the

outcome of his 1995 direct appeal or the imposition of an improper sentence does not establish an entitlement to equitable tolling.

Petitioner offers no reasonable explanation as to why he could not have pursued review of his federal habeas claims in a timely fashion. There are no facts presented or apparent from the record which could establish that Sweeting's failure to timely pursue his pending arguments was caused by being misled by the Commonwealth, or that pursuit of those arguments was otherwise prevented in some extraordinary fashion. There is also no support for a finding that Sweeting's pending arguments were timely raised in the wrong forum. Furthermore, Petitioner's claims are not premised upon after-discovered evidence. On the contrary, Sweeting's pending hearsay claim was initially asserted in his 1995 direct appeal. With respect to his remaining arguments, Petitioner received adequate notice of his delay in sentencing claim during 1999 when it was discovered that he was released from prison during October 1998 without serving his Lycoming County sentence, long before his 2005 initiation of a PCRA petition. Accordingly, Petitioner is not entitled to equitable tolling.

An appropriate Order will enter.

                                              s/ Thomas I. Vanaskie
                                              Thomas I. Vanaskie
                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRETT SWEETING,

    Petitioner,

v.

DAVID DIGUGLIELMO,

    Respondent.

CIVIL NO. 3:CV-08-1794

(JUDGE VANASKIE)

## ORDER

NOW, THIS 11th DAY OF JANUARY, 2010, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Petitioner's habeas corpus petition is DISMISSED.

2. The Clerk of Court is directed to mark this matter CLOSED.

3. There is no basis for the issuance of a Certificate of Appealability.

                                    s/ Thomas I. Vanaskie
                                    Thomas I. Vanaskie
                                    United States District Judge